## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF OKLAHOMA

DAVID B. MCDERMOTT, II,     )
                                  )
         Plaintiff,       )
                                  )
v.                          )     Case No. CIV-23-149-JFH-JAR
                                  )
SEMINOLE DISTRICT COURT, et al.,  )
                                  )
        Defendants.    )

### FINDINGS AND RECOMMENDATION

This matter comes before the Court on a review for Plaintiff's compliance with this Court's Order directing that the filing fee be paid in installments entered February 7, 2024. This case was referred to the undersigned by United States District Judge John F. Heil, III, who presides over this case.

Plaintiff initiated this case acting *pro se* on May 5, 2023. In the barest of Complaints, Plaintiff poses a series of questions which do not actually state an actionable claim. However, upon Plaintiff's Motion, the Court permitted Plaintiff to pay the required filing fee in $50.00 installments, to be paid "each Monday to the court clerk until the filing fee is paid for in full." *Doc. Ent. No. 19.* Additionally, the Court directed in the same Order that "[a]fter the filing fee is paid in full and the Plaintiff has filed his typed lawsuit, restyled it and prepared his service forms (USM-285) to serve the Defendants with, then the case can be advanced." *Id.*

Plaintiff made one payment toward the filing fee on February 20, 2024 of $100.00. To date, no further payment has been made. Indeed, Plaintiff has

taken no further action to advance this lawsuit, including filing a typed Complaint or providing the Clerk with completed USM-285 forms.

Plaintiff has failed to pay the complete filing fee for this case and has failed to comply with an Order of this Court. Accordingly, Plaintiff has failed to prosecute this action. "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Indeed, the Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions *sua sponte* for a [party's] failure to prosecute." *Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (quotations omitted).

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.* quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). Since Plaintiff has failed to complete the prerequisite act of paying the filing fee to commence and continue this action and has failed to comply with the Order of the Court, this Court would recommend that the case be dismissed without prejudice without further notice or hearing since Plaintiff was already provided with the unusual opportunity to pay in installments.

IT IS THE RECOMMENDATION OF THE UNDERSIGNED that this action

2

be **DISMISSED WITHOUT PREJUDICE** to refiling based upon Plaintiff's failure to prosecute the case and the failure to comply with this Court's Order.

Plaintiff is given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections to them with the Clerk of the Court. Any such objection shall be limited to ten (10) pages in length. The failure to object to the Findings and Recommendation within fourteen (14) days will preclude their review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 17th day of February, 2026.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

3